# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| V.U.C.; P.C.C., | ) | |
| Plaintiffs, | ) | Case No. 1:21-cv-10652-RGS |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| United States Citizenship and | ) | |
| Immigration Services; Alejandro Mayorkas, | ) | |
| Secretary, Department of Homeland Security; | ) | |
| Tracy Renaud, Senior Official Performing the | ) | |
| Duties of the Director, United States Citizenship | ) | |
| and Immigration Services; Connie Nolan, | ) | |
| Acting Associate Director, Service Center | ) | |
| Operations Directorate; Michael Paul, Director, | ) | |
| Vermont Service Center; and William Connor, | ) | |
| Director, Nebraska Service Center, | ) | |
| Defendants. | ) | |

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

## TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………………………...………... ii

INTRODUCTION……………………………………………………………………...……... 1

STANDARD OF REVIEW………………………………………………………………...…… 4

ARGUMENT………………………………………………………………………….…… 5

I.   Plaintiffs Sufficiently State a Claim for Unreasonable Delay of their U-visa Waitlist Adjudications under the APA and Mandamus Act. ……………………………….…..5

  A.   The Court Has Subject Matter Jurisdiction Over Plaintiffs' U-visa Waitlist Unreasonable Delay Claims. ……………………………………………………...5

  B.   The TRAC Factors Support Plaintiffs But Are Fact-Intensive Inquiries that Require Discovery and Warrant Dismissal of the Government's Motion to Dismiss as Premature. ……………………………………………………………8

II.   Plaintiffs Sufficiently State a Claim for Unlawful Withholding and Unreasonable Delay of their EAD Adjudications under the APA and Mandamus Act. ……………................12

  A.   The Court has Subject Matter Jurisdiction Over Plaintiffs' EAD Claims. ……...12

  B.   The Government Has Unlawfully Withheld and Unreasonably Delayed Plaintiffs' EAD Adjudications for Nearly Four Years.  ………………………………… 15

  C.   Alternatively, Since the Impact of USCIS's Recent U-visa EAD Policy Alert on Plaintiffs' EAD Adjudications is Entirely Speculative, Discovery is Needed to Determine if Delay is Reasonable. ………………………………………………17

CONCLUSION ……………………………………………………………………………18

## TABLE OF AUTHORITIES

**Cases**

*Abdi v. Chertoff*, 589 F.Supp.2d 120 (D. Mass. 2008) ………………………………………….. 7

*A.C.C.S. v. Nielsen*, No. 18-cv-10759-DMG (MRWx), 2019 WL 7841860 (C.D. Ca. Sept. 19, 2019) (Gee, J.) (unpublished) ……………………………………………………………… 11, 13

*Andrade Carranza v. Cuccinelli*, No. 2:19-cv-03078-BHH, 2020 WL 6292639 (D.S.C. Mar. 23, 2020) (unpublished) …………………………………………………………………… 5, 9

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) …………………………………………………...5

*Aslam v. Mukasey*, 531 F. Supp. 2d 736 (E.D. Va. 2008) ……………………………...…14

*Camerena v. Cuccinelli*, No. 19-cv-5643, 2020 WL 550597 (N.D. Ill. Feb. 4, 2020) (unpublished) …………………………………………………………………..2, 10, 11

*Chafin v. Chafin*, 568 U.S. 165 (2013) …………………………………………………... 17, 18

*CRVQ v. USCIS*, No. 19-cv-8566-CBM-(AGRx), 2020 WL 8994098 (C.D. Ca. Sept. 24, 2020) (unpublished) ………………………………………………………………… 2, 12

*Doe v. McAleenan*, No. 19-cv-2216 (Order, ECF 13) (E.D. Pa. Sept. 23, 2019) (unpublished) (Exh. C) ……………………………………………………… 2, 7, 13, 14

*Dominion Energy Brayton Point, LLC v. Johnson*, 443 F.3d 12 (1st Cir. 2006) …………………4

*Dong v. Chertoff*, 513 F. Supp. 2d 1158 (N.D. Cal. 2007) …………………………………... 11

*Georges v. Quinn*, 853 F.2d 994 (1st Cir. 1988) …………………………………………...16

*Gonzalez v. Cuccinelli*, 985 F.3d 357 (4th Cir. 2021) ………………………..2, 5, 8, 9, 10, 14, 16

*Guzman Leizon v. Wilkinson*, No. 3:20-cv-30181-MGM (Electronic Order, ECF 16) (D. Mass. May 24, 2021) (unpublished) (Exh. A) …………………………………………1, 3, 5, 8, 10

*Han Cao v. Upchurch*, 496 F. Supp. 2d 569 (E.D. Pa. 2007) ………………………… 7, 13

*Haus v. Nielsen*, No. 17-c-4972, 2020 WL 1035870 (N.D. Ill. Feb. 23, 2018) (unpublished) ….11

*In re Curran*, 855 F.3d 19 (1st Cir. 2017) …………………………………………………… 5

*In re Fall River, Mass.*, 470 F.3d 30 (1st Cir. 2006) ……………………………………………… 14

*Khan v. Attorney Gen.*, 448 F.3d 226 (3d Cir. 2006) …………………………………………13

*Knox v. Serv. Employees Int'l. Union, Loc. 1000*, 567 U.S. 298 (2012) ………………………17

*Levine v. Apker*, 455 F.3d 71 (2d Cir. 2006) ……………………………………………13

*Manguriu v. Lynch*, 794 F.3d 119 (1st Cir. 2015) …………………………………………...17, 18

*Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094 (D.C. Cir. 2003) ……….10

*M.J.L. v. McAleenan*, 420 F. Supp. 3d 588 (W.D. Tex. 2019) ………………….2, 3, 9, 11, 12, 16

*Moss v. Camp Pemigewassett, Inc.*, 312 F.3d 503 (1st Cir. 2002) ……………………………… 4

*N-N v. Mayorkas*, -- F. Supp. 3d ----, 2021 WL 1997033 (E.D.N.Y. May 18, 2021) … 2, 9, 13, 16

*Norton v. S. Utah Wilderness All.*, 542 U.S. 55 (2004) ………………………………………… 6

*P. v. McAleenan*, No. 3:19-cv-40119-MGM (Electronic Order, ECF 25) (D. Mass. May 19, 2021) (unpublished) (Exh. B) …………………………………………………...1, 2, 3, 12, 13, 16

*Pandya v. Cuccinelli*, No. 5:20-cv-01541-JMC, 2021 WL 119304 (D.S.C. Jan. 13, 2021) (unpublished) ………………………………………………………………………… 2

*Patel v. Cissna*, 400 F.Supp.3d 1373 (M.D. Ga. 2019) …………………………………… 2, 11

*Ramires v. Wolf*, No. 1:20-cv-203-KWR-SMV, 2020 WL 6146393 (D.N.M. Oct. 20, 2020) (unpublished) ……………………………………………………………………… 2

*Rodriguez v. Nielsen*, No. 16-cv-7092-MKB, 2018 WL 4783977 (E.D.N.Y. Sept. 30, 2018) (unpublished) ……………………………………………………………… 2, 3, 12,13, 15

*Ruiz v. Wolf*, No. 20-cv-4276, 2020 WL 6701100 (N.D. Ill Nov. 13, 2020) (unpublished) …….. 2

*Solis v. Cissna*, No. 9:18-cv-00083-MBS, 2019 WL 8219790 (D.S.C. July 11, 2019) (unpublished) ……………………………………………………………… 2, 9, 10, 11

*Tang v. Chertoff*, 493 F.Supp.2d 148 (D. Mass. 2007) ……………………………………7, 14

*Telecommunications Research & Action Center v. FCC*, 750 F.2d 70 (D.C. Cir. 1984) ….3, 8, 15

*Uranga v. USCIS*, 490 F. Supp. 3d 86 (D.D.C. Sept. 28, 2020) ……………………………2

*Vorontsova v. Chertoff*, No. 07-cv-10426-RGS, 2007 WL 3238026 (D. Mass. Nov. 2, 2007) (unpublished) …………………………………………………………………7

*Yu v. Brown*, 36 F. Supp. 2d 922 (D.N.M. 1999) ………………………………………… 16

*Zhao v. Gonzales*, 404 F.3d 295 (5th Cir. 2005) ………………………………………….. 13

**Statutes**

5 U.S.C. § 555(b) ……………………………………………………… 2, 6, 8, 10, 14

5 U.S.C. § 701(a) ………………………………………………………………….. 6, 12

5 U.S.C. § 706(1) ……………………………………………………………2, 5, 6, 12

8 U.S.C. § 1101(a)(15)(U) ……………………………………………………… 2, 6, 8

8 U.S.C. § 1184(p)(6) …………………………………………….. 2, 4, 12, 13, 14, 15, 16

8 U.S.C. § 1252(a)(2)(B)(ii) …………………………………………… 6, 7, 12, 13

8 U.S.C. § 1255(a) ……………………………………………………………… 13

28 U.S.C. § 1331 ………………………………………………………………. 2, 5

28 U.S.C. § 1361 ……………………………………………………… 2, 8, 12, 14, 16

**Rules**

Rule 12(b)(1) …………………………………………………………………….. 4

Rule 12(b)(6) …………………………………………………………………. 4, 11

**Regulations**

8 C.F.R. § 214.14(c)(5) …………………………………………………………...2, 6, 8

8 C.F.R. § 214.14(d)(2) …………………………………………………………...2, 6

**Agency Memos**

USCIS, "Policy Alert: Bona Fide Determination Process for Victims of Qualifying Crimes, and Employment Authorization and Deferred Action for Certain Petitioners" (June 14, 2021), available at: https://www.uscis.gov/sites/default/files/document/policy-manual-updates/20210614-VictimsOfCrimes.pdf (last visited July 27, 2021) ………………..4, 9, 15, 17

## INTRODUCTION

Plaintiffs are survivors of domestic violence who cooperated with law enforcement to report their abusers at great risk to themselves and their children. *See* Complaint, ECF 1, ¶1. Subsequently, they submitted applications for U non-immigrant status ("U-visas") and employment authorization ("EADs") – protections designed by Congress to encourage victims of qualifying crimes, like Plaintiffs, to cooperate with law enforcement without fearing deportation, separation from their children, or financial ruin and exploitation at the hands of their abusers.[1] *Id.* However, the Government has failed to adjudicate Plaintiffs' requests for placement on the U-visa waitlist and for EADs, allowing Plaintiffs to languish without these vital protections for nearly *four years*. *Id.* ¶¶ 32–34, 44–46.

The Government's unreasonable delays and failure to act continues to put Plaintiffs at risk of deportation and exploitation, as they remain unable to meaningfully support themselves and their families. *Id.* ¶¶ 36–38, 48–50. This Court should reject the Government's failed arguments and deny their motion to dismiss, just as the other courts in the District of Massachusetts have done in similar U-visa unreasonable delay cases. *See Guzman Leizon v. Wilkinson*, 3:20-cv-30181-MGM (Electronic Order, ECF 16) (D. Mass. May 24, 2021) (unpublished) (Exh. A); *P. v. McAleenan*, 3:19-cv-40119-MGM (Electronic Order, ECF 25) (D. Mass. May 19, 2021) (unpublished) (Exh. B) (in both cases, denying Defendants' Motion to Dismiss as to Plaintiffs' APA claims and granting only as to Plaintiffs' Mandamus Act claims). In fact, the overwhelming

---

[1] *See* Complaint, ECF 1, ¶¶ 2-4, 17-26 for additional background information on the history and legal framework of the U-visa and related EAD.

majority of courts around the country to have considered similar U-visa cases have likewise denied the Government's motions to dismiss the unreasonable delay claims.[2]

Contrary to the Government's position, this Court has subject matter jurisdiction over all claims alleged in the Complaint under 28 U.S.C. § 1331 and 28 U.S.C. § 1361. The first three causes of action in the Complaint arise under the Administrative Procedure Act ("APA"), which provides this Court which jurisdiction to compel agency action that is unreasonably delayed or unlawfully withheld and requires that an agency conclude a matter presented to it in a reasonable time. *See* ECF 1, ¶¶ 51–66; 5 § 706(1); 555(b). The last three causes of action in the Complaint arise under the Mandamus Act, which provides this Court with jurisdiction to compel an officer of a federal agency to perform a duty owed to Plaintiff. *Id.* ¶¶ 67–86; 28 U.S.C. § 1361. Defendants' arguments related to the non-reviewability of an agency's discretionary decisions are all misplaced. The Government has a non-discretionary duty to adjudicate U-visa waitlist determinations and pre-waitlist EAD eligibility. 8 U.S.C. §§ 1101(a)(15)(U), 1184(p)(6); 8 C.F.R. §§ 214.14(c)(5)(i), 214.14(d)(2). While the decision to grant or deny Plaintiffs' applications may implicate an agency's exercise of discretion, the question of whether that adjudication has been unlawfully withheld or unreasonably delayed does not. *See P.*, 3:19-cv-40119-MGM (ECF 25)

---

[2] *See Gonzalez v. Cuccinelli*, 985 F.3d 357 (4th Cir. 2021); *Pandya v. Cuccinelli*, No. 5:20-cv-01541-JMC, 2021 WL 119304 (D.S.C. Jan. 13, 2021) (unpublished); *Ruiz v. Wolf*, No. 20-cv-4276, 2020 WL 6701100 (N.D. Ill Nov. 13, 2020) (unpublished); *Ramires v. Wolf*, No. 1:20-cv-203-KWR-SMV, 2020 WL 6146393 (D.N.M. Oct. 20, 2020) (unpublished); *CRVQ v. USCIS*, No. 19-cv-8566-CBM-(AGRx), 2020 WL 8894098 (C.D. Ca. Sept. 24, 2020) (unpublished); *M.J.L. v. McAleenan*, 420 F. Supp. 3d 588 (W.D. Tex. 2019); *Doe v. McAleenan*, No. 19-cv-2216 (Order, ECF 13) (E.D. Pa. Sept. 23, 2019) (unpublished) (Exh. C); *Solis v. Cissna*, No. 9:18-cv-00083-MBS, 2019 WL 8219790 (D.S.C. July 11, 2019) (unpublished); *Patel v. Cissna*, 400 F.Supp.3d 1373 (M.D. Ga. 2019); *Camerena v. Cuccinelli*, No. 19-cv-5643, 2020 WL 550597 (N.D. Ill. Feb. 4, 2020) (unpublished); *Rodriguez v. Nielsen*, 16-cv-7092-MKB, 2018 WL 4783977 (E.D.N.Y. Sept. 30, 2018) (unpublished); *But see N-N v. Mayorkas*, -- F. Supp. 3d ----, 2021 WL 1997033 (E.D.N.Y. May 18, 2021); *Uranga v. USCIS*, 490 F. Supp.3d 86 (D.D.C. Sept. 28, 2020).

(citing *Rodriguez v. Nielsen*, No. 16-cv-7092-MKB, 2018 WL 4783977 at *7 (E.D.N.Y. Sept. 30, 2018) (unpublished).

Dismissal at this stage of the litigation is premature, because discovery is necessary to investigate the Government's purported justifications for the delay and to investigate what actions the Government has or has not taken on Plaintiffs' specific applications. As this court found in *Guzman Leizon* and *P.*, at this stage in the litigation, the Court must credit Plaintiffs' factual allegations about the length and delay of their pending U-visa waitlist and EAD adjudications and its impact on them, but cannot credit the explanations offered by Defendants as to the justifications for the processing delays. *See Guzman Leizon*, 3:20-cv-30181-MGM (ECF 16); *P.*, 3:19-cv-40119-MGM (ECF 25). Rather, Defendants' purported explanations about the adjudication processes are questions of fact that require further investigation through discovery. Moreover, the "TRAC" factors found in *Telecommunications Research & Action Center* ("TRAC") *v. FCC*, 750 F.2d 70, 70 (D.C. Cir. 1984) and used by courts to determine whether a delay is reasonable under the APA, are fact-intensive inquiries that are premature to address at the motion to dismiss stage and before discovery. *See M.J.L. v. McAleenan*, 420 F. Supp. 3d 588, 588 (W.D. Tex. 2019). Nevertheless, accepting all of the allegations in the Complaint as true which the Court must do at this stage, the TRAC factors support Plaintiffs. As the length of the processing delays in Plaintiffs' cases are significant (nearly four years) and Plaintiffs' interests are weighty, implicate their health and welfare, and are harmed by the long wait, the Court should find that Plaintiffs have sufficiently stated a claim for unreasonable delay and unlawful withholding under the Administrative Procedure Act and/or the Mandamus Act and are entitled to develop their cases through discovery. *See Guzman Leizon*, 3:20-cv-30181-MGM (ECF 16); *P.*, 3:19-cv-40119-MGM (ECF 25).

Lastly, from the date Plaintiffs filed their U-visa petitions in 2017 until June 2021, the Government failed entirely to comply with their statutory duty to consider whether Plaintiffs were eligible for an EAD prior to their waitlist adjudication. 8 U.S.C. § 1184(p)(6). The Government has unlawfully withheld and unreasonably delayed in making a pre-wait list determination about Plaintiffs' EAD eligibility for nearly four years in violation of the APA and Mandamus Act. As U.S. Citizenship and Immigration Services ("USCIS")'s June 14, 2021 Policy Alert suggests, until then, the Government never even created any process for evaluating EAD eligibility prior to waitlist adjudication.[3]  While this policy alert purports to now create a process for reviewing EAD eligibility for U-visa petitioners prior to their waitlist adjudication, there are no details available about its implementation or timeline. Despite their request, Plaintiffs have not been informed by the Government as to when precisely their EAD applications will be adjudicated pursuant to this new policy alert. As such, the impact of the new policy on Plaintiffs' delayed EAD adjudications is speculative at best and further discovery is needed to determine how USCIS will operationalize the policy to actually result in timely EAD adjudications and what actions, if any, have been taken on Plaintiffs' EAD requests pursuant to the policy.

## STANDARD OF REVIEW

In reviewing a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) or failure to state a claim under Rule 12(b)(6), a court must accept all allegations in the plaintiff's complaint as true and draw all reasonable inferences in favor of the plaintiff. *Dominion Energy Brayton Point, LLC v. Johnson*, 443 F.3d 12, 16 (1st Cir. 2006); *Moss v. Camp Pemigewassett,*

---

[3] USCIS, "Policy Alert: Bona Fide Determination Process for Victims of Qualifying Crimes, and Employment Authorization and Deferred Action for Certain Petitioners" (June 14, 2021), available at:https://www.uscis.gov/sites/default/files/document/policy-manual-updates/20210614-VictimsOfCrimes.pdf (last visited July 27, 2021) ("USCIS's June 14, 2021 Policy Alert").

*Inc.*, 312 F.3d 503, 506 (1st Cir. 2002). A complaint may not be dismissed if it contains "sufficient factual matter . . . to state a claim to relief that is plausible on its face." *In re Curran*, 855 F.3d 19, 25 (1st Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## ARGUMENT

**I.      Plaintiffs Sufficiently State a Claim for Unreasonable Delay of their U-visa Waitlist Adjudications under the APA and Mandamus Act.**

A.   The Court Has Subject Matter Jurisdiction Over Plaintiffs' U-visa Waitlist Unreasonable Delay Claims.

Plaintiffs' first and fourth causes of action allege that the Government has unreasonably delayed their U-visa waitlist adjudications under the APA and the Mandamus Act. *See* ECF 1 at ¶¶ 51–55, 67–74. Courts throughout the country, including this Court, have overwhelmingly found that they have jurisdiction under 28 U.S.C. § 1331 and APA Section 706(1) to review claims of unreasonable delay in U-visa waitlist adjudications. *See Guzman Leizon*, 3:20-cv-30181 (ECF 16) (finding that "[t]his court has jurisdiction under § 706 of the APA to consider Plaintiffs' claims of unreasonable delay") (citing *Gonzalez v. Cuccinelli*, 985 F.3d 357, 375 (4th Cir. 2021)); *Andrade Carranza v. Cuccinelli*, No. 2:19-cv-03078-BHH, 2020 WL 6292639 at *5 (D.S.C. Mar. 23, 2020) (unpublished), report and recommendation adopted, No. 2:19-cv-3078-BHH, 2020 WL 5810516 (D.S.C. Sept. 30, 2020) (unpublished) ("Because . . . USCIS has a nondiscretionary duty to determine a U-Visa petitioner's eligibility for the Waiting List, most federal courts have concluded that claims alleging unreasonable delay in relation to such decisions are subject to judicial review.") (compiling cases)); *see also supra,* fn. 1 (compiling cases where the court found jurisdiction under the APA over Plaintiffs' U-visa waitlist unreasonable delay claims and denied the Government's motion to dismiss those claims).

Section 706(1) of the APA squarely provides this Court with jurisdiction to "compel agency action unlawfully withheld or unreasonably delayed." *See* 5 U.S.C. § 706(1). Pursuant to the U-visa statute and regulations, "USCIS will issue a written decision approving or denying [the U-visa petition]" . . . "If USCIS determines that the petitioner has met the requirements for U-1 nonimmigrant status, USCIS will approve [the petition]." *See* 8 C.F.R. § 214.14(c)(5); 8 U.S.C. § 1101(a)(15)(U). Moreover, USCIS "must" place all eligible petitioners on the waitlist who do not receive a U-visa solely as a result of the annual cap. *See* 8 C.F.R. § 214.14(d)(2). Federal agencies must also proceed to conclude a matter presented to it "within a reasonable time." Thus, the Government has a nondiscretionary, discrete duty to determine Plaintiffs' eligibility for the U-visa waitlist within a "reasonable time." *Id.;* 8 USC §§ 706(1), 555(b); *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004).

The Government's argument that 8 U.S.C. § 1252(a)(2)(B)(ii) and 5 U.S.C. § 701(a) strip this Court of subject matter jurisdiction to review Plaintiffs' U-visa waitlist delay fails. The Government alleges that there is a discretionary component in U-visa waitlist adjudicative outcomes and that the statutes above therefore preclude judicial review of Plaintiffs' U-visa waitlist unreasonable delay claims. Even assuming arguendo that there was a discretionary component to the adjudicative outcome on U-visa waitlist decisions which Plaintiffs do not concede, [4] Plaintiffs are not here challenging the Government's waitlist decision – they are challenging the Government's unreasonable delay in making a decision in the first place. In this way, the jurisdictional question here is no different here than it is with other immigration

---

[4] As USCIS "will" approve U-visa petitions for anyone who meets the statutory requirements and "must" place all eligible petitioners on the waitlist who do not receive a U-visa solely as a result of the annual cap, the relevant statute does not contain any discretionary component to the adjudicative outcome in a U-visa waitlist adjudication.

applications, like adjustment of status applications, that contain a discretionary component in the adjudicative outcome, but where courts across this district have found jurisdiction to review USCIS's delay in adjudicating the application. *See, e.g., Abdi v. Chertoff*, 589 F.Supp.2d 120, 121 (D. Mass. 2008) (finding jurisdiction to review four-year failure to adjudicate adjustment of status application). Even the Government acknowledges that "this court has held that district courts have subjection matter jurisdiction to consider whether a delay in adjudication of adjustment of status applications is unreasonable under the APA" citing *Vorontsova v. Chertoff*, No. 07-cv-10426-RGS, 2007 WL 3238026 at * 2 (D. Mass. Nov. 2, 2007) (unpublished). *See* ECF 23 at 13.

The Government's argument that 8 U.S.C. § 1252(a)(2)(B)(ii) precludes any review of the pace of adjudication for a U-visa waitlist determination also has no basis in the statute and has been rejected time and time again by courts. The jurisdictional bar found in § 1252(a)(2)(B)(ii) only precludes review of discretionary authority "specified under this subchapter" of the statute to be in the discretion of the Attorney General, and this subchapter of the statute "says nothing about the pace of such a decision, and certainly does not confer on the Attorney General discretion to let such a petition languish indefinitely." *See Doe v. McAleenan*, 19-cv-2216 (Order, ECF 13) at 3, fn. 1 (E.D. Pa. Sept. 23, 2019) (unpublished) (Exh. C) (citing *Han Cao v. Upchurch*, 496 F. Supp. 2d 569, 573 (E.D. Pa. 2007) (citations omitted)). Further, in *Tang v. Chertoff*, 493 F.Supp.2d 148, 153-54 (D. Mass. 2007), this court held that "the clear meaning of 8 U.S.C. § 1252(a)(2)(B)(ii) is that courts may not review decisions specified as discretionary by the INA. Despite the care taken in the INA to specify the substance of an adjustment of status decision as discretionary, the pacing of such a decision is not so specified." Thus, the Court squarely has jurisdiction to review Plaintiffs' unreasonable delay claims under the APA.

The Mandamus Act grants district courts the authority "to compel an officer or employee of" a United States agency "to perform a duty owed to the plaintiff[s]." 28 U.S.C. § 1361. USCIS has a non-discretionary duty to adjudicate Plaintiffs' U-visa waitlist eligibility; "[i]f USCIS determines that the petitioner has met the requirements for U-1 nonimmigrant status, USCIS *will* approve [the petition]." *See* 8 C.F.R. § 214.14(c)(5) (emphasis added); 8 U.S.C. § 1101(a)(15)(U). Moreover, Defendants have a duty to adjudicate Plaintiffs' waitlist eligibility "within a reasonable amount of time." See 5 U.S.C. § 555(b). As such, the Court has jurisdiction over Plaintiffs' U-visa waitlist unreasonable delay claims brought pursuant to the Mandamus Act.

B.   The TRAC Factors Support Plaintiffs But Are Fact-Intensive Inquiries that Require Discovery and Warrant Dismissal of the Government's Motion to Dismiss as Premature.

Despite the Government's numerous attempts to improperly introduce evidence into their brief in support of their motion to dismiss (*See* ECF 23 at 19-20), "at this stage, the court must credit Plaintiffs' factual allegations of the length of the delay and its impact on them, but cannot credit the explanations offered by Defendants as to justifications for the processing delays." *Guzman Leizon*, 3:20-cv-30181-MGM (ECF 16) (finding that a claim of unreasonable delay is necessarily fact dependent and should not typically be resolved at the motion to dismiss stage) (citing *Gonzalez,* 985 F.3d at 375). To determine whether a delay is reasonable under the APA, many courts apply the "TRAC" six-factor test derived from *TRAC,* 750 F.2d 70, 70 (D.C. Cir. 1984). These factors are:

> (1) the time agencies take to make decisions must be governed by a 'rule of reason;'(2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests

> prejudiced by delay; and (6) the court need not find any impropriety lurking behind
> agency lassitude in order to hold that agency action is unreasonably delayed.

*Id.* at 80 (citations omitted). No single factor in the TRAC test is dispositive and while the TRAC factors offer helpful guidance, they do not define the entire field of inquiry. *See Gonzalez,* 985 F.3d at 375. However, courts have found that a three-to-four-year delay, like that in the instant case, is sufficient to state a claim to relief under the APA. *See M.J.L.*, 2019 WL 6039971 at *6; *Camarena*, 2020 WL at *3.

  With respect to factors 1 and 2, discovery would be needed to investigate the Government's allegations that the lengthy delay in adjudicating Plaintiffs' U-visa waitlist adjudication is governed by a "rule of reason," including whether they are actually processing U-visa petitions on a first-in, first-out basis. *See, e.g., Solis*, 2018 WL 3819099 at *17 (allowing a period of discovery after which the court determined that the time it takes Defendants to make a decision on U-visa waitlist eligibility is governed not by a "rule of reason," but rather by a flexible process, subject to numerous distinctions that serve the government's own defined interests). In the Government's Brief, they allege that a recent policy alert pertaining to pre-waitlist EAD adjudications provides a "rule of reason" as to the Government's delayed adjudication of U-visa waitlist adjudications, but that policy alert is focused on EAD adjudications and not U-visa waitlist adjudications and its impact on either is speculative right now and would require discovery to investigate. *See* ECF 23 at 19; USCIS's June 14, 2021 Policy Alert. Moreover, a lack of resources alone is an insufficient explanation for the delay. *Andrade Carranza*, 2020 WL at *6. Factors 3 and 5 weigh heavily in Plaintiffs' favor given the importance of being able to work and receive protection from removal, which placement on the U-visa waitlist can provide. *See N-N v. Mayorkas,* -- F. Supp. 3d ----, 2021 WL 1997033 at *15 (E.D.N.Y. May 18, 2021) (finding factor 3 weighs in favor of U-visa petitioner Plaintiffs). As alleged in the Complaint, the Government's nearly four-year delay in adjudicating

Plaintiffs' waitlist eligibility has harmed Plaintiffs' health and welfare, as they face a constant threat of deportation to countries where their abusers live and remain at a risk of exploitation as they struggle to financially support themselves and their children without work authorization. *See* ECF 1 at ¶ 1. This court held that dismissal of Plaintiffs' U-visa waitlist unreasonable delay claims is premature where Plaintiffs' interests "are weighty, implicate health and welfare, and are harmed by the long wait," regardless of whether or not any other U-visa petitioners may have similar interests. *Guzman Leizon*, 3:20-cv-30181-MGM (ECF 16) (quoting *Gonzalez*, 985 F.3d at 375).

To evaluate factor 4, discovery would be needed to determine what the Government's competing priorities are and how exactly adjudicating Plaintiffs' U-visa waitlist determinations would or would not undermine them through purported "line-jumping." Factual questions remain as to whether there is even a clear "line," where Plaintiffs fall on such a line, and how exactly adjudicating their waitlist determinations would harm other petitioners. *See, e.g., Solis*, 2019 WL 8219790 *at* \*17 (finding in favor of Plaintiffs at summary judgement after a period of discovery wherein it found that the government was unable to show that compelling USCIS to make a waitlist determination would detrimentally affect a competing priority.)[5] Moreover, even if an application is still within an Agency's purported standard processing time (for which discovery would be needed to verify), that does not, without more, establish reasonableness. *Id.*; *Camerena*, 2020 WL at \*3. An unreasonable delay that applies to other applicants is still unreasonable; "[o]therwise,

---

[5] Defendant's heavy reliance on *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094 (D.C. Cir. 2003) (*See* ECF 23 at 2, 18, 20) to support their flawed "line-jumping" argument is misplaced. First, discovery would be needed to determine whether Plaintiffs' adjudication would even affect other petitioners; the *Mashpee* court recognized that "[r]esolution of a claim of unreasonable delay is ordinarily a complicated and nuanced task requiring consideration of the particular facts and circumstances before the court." *Id.* at 1100. Second, the line at issue in *Mashpee* only had 10 petitions, and there was no indication there, as is here (*See* ECF 23 at 1) that the reviewing agency routinely adjudicates later-filed petitions before earlier-filed petitions based on various exceptions to any purported rule of reason. *See Solis*, 2019 WL 8219790 *at* \*16 n. 25.

the Agency could defer review of petitions for years or even decades. The APA requires more." *See Camerena*, 2020 WL at *3; 5 U.S.C. § 555(b). It is worth briefly noting that the Government's argument that allowing this litigation to continue would set a "dangerous precedent" that may encourage others to litigate these issues is wholly irrelevant -- "the fact that other individuals similarly deprived of their rights to have their applications processed according to the law may seek redress is hardly a reason to withhold relief that is legally warranted." ECF 23 at 2; *Dong v. Chertoff*, 513 F. Supp. 2d 1158, 1171 (N.D. Cal. 2007).

While many of the TRAC factors weigh in favor of Plaintiffs, it is premature for the court to evaluate these factors without first compiling an administrative record after a period of discovery, as the TRAC factors require a fact intensive inquiry. *See A.C.C.S. v. Nielsen*, No. cv-18-10759-DMG (MRWx), 2019 WL 7841860 at *6 (C.D. Ca. Sept. 19, 2019) (unpublished); *Solis*, 2019 WL 8219790 at *17 (allowing for discovery on the U-visa waitlist APA claims and finding in favor of Plaintiffs at the summary judgment stage); *M.J.L.*, 420 F. Supp. 3d at 597 ("[T]he Court finds that it is premature to address these factors at the motion to dismiss stage and before discovery has been completed."); *Haus v. Nielsen*, No. 17-c-4972, 2020 WL 1035870 at *4 (N.D. Ill. Feb. 23, 2018) (unpublished) ("the court is dealing only with [petitioner's] complaint; the government has not been called upon to offer any sort of explanation for the delay . . . the Court is not prepared to hold on a motion to dismiss for failure to state a claim that the three-year delay in reviewing [petitioner's] U-visa petitions for placement on the waiting list is reasonable as a matter of law").

In considering a 12(b)(6) motion, the Court cannot accept the Government's implicit invitation to rely upon evidence presented outside the pleadings. *See Patel v. Cissna*, 400 F.Supp.3d 1373, 1383–84 (M.D. Ga. 2019) (refusing to accept Defendant's implicit invitation to

rely upon evidence outside the pleadings at the motion to dismiss stage); *M.J.L.*, 420 F.Supp.3d at 597 (holding that it would be premature to address the TRAC factors before discovery had been completed); *CRVQ v. USCIS*, No. cv-19-8566-CBM-(AGRx), 2020 WL 8994098 at *6 (C.D. Ca. Sept. 24, 2020) (unpublished) (holding that the TRAC test is fact-intensive, and courts have declined to resolve whether the TRAC test has been satisfied at the pleading stage, including with respect to immigration applications) (collecting cases).

## II.   Plaintiffs Sufficiently State a Claim for Unlawful Withholding and Unreasonable Delay of their EAD Adjudications under the APA and Mandamus Act.

### A.   The Court has Subject Matter Jurisdiction Over Plaintiffs' EAD Claims.

Section 706(1) of the APA and 28 U.S.C. § 1361 provides this Court with jurisdiction to "compel agency action unlawfully withheld or unreasonably delayed." *See* 5 U.S.C. § 706(1). In their second cause of action, Plaintiffs allege that the Government unlawfully withheld making a decision about their pre-waitlist EAD eligibility in violation of the APA. *See* Complaint, ECF 1, ¶¶ 56–60. Moreover, in the third cause of action, Plaintiff V.U.C. alleges that the Government has unreasonably delayed her pre-waitlist EAD adjudication for nearly four years in violation of the APA. *Id.* ¶¶ 61–66. This Court has jurisdiction under Section 706(1) of the APA to review Plaintiffs' EAD claims. *See P.*, 3:19-cv-40119-MGM (ECF 25) (finding that the court has jurisdiction under the Section 706(1) of the APA to order the Government to adjudicate Plaintiffs' pre-waitlist EAD applications) (citing *Rodriguez*, 2018 WL 4783977 at *7 (holding that while the decision to grant or deny Plaintiff's EAD applications implicates an agency's exercise of discretion, the question of whether that adjudication has been unlawfully withheld or unreasonably delayed does not)).

The Government's argument that INA Section 1252(a)(2)(B)(ii) and APA Section 701(a) strip this court of subject matter jurisdiction to review Plaintiffs' EAD claims is incorrect for many

of the same reasons discussed above as to why those statutes do not preclude review of Plaintiffs' U-visa waitlist delay claims. *See supra* Section I; ECF 23 at 11. As numerous courts have explained, the narrow jurisdictional bar found in § 1252(a)(2)(B)(ii) only precludes review of discretionary authority "specified under this subchapter" of the statute to be in the discretion of the Attorney General. *See Khan v. Attorney Gen.*, 448 F.3d 226, 232 (3d Cir.2006) (citing *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005)). While 8 U.S.C. 1184(p)(6) may place the *decision* to grant or deny a certain pre-waitlist EAD in the discretion of the Attorney General, "it says nothing about the pace of such a decision, and certainly does not confer on the Attorney General discretion to let such a petition languish indefinitely." *Doe*, 19-cv-2216 (ECF 13) at 3, fn. 1 (citing *Han Cao*, 496 F. Supp. 2d at 573 (E.D. Pa. 2007) (citations omitted)).

Defendant's argument that the word "may" in 8 U.S.C. 1184(p)(6) provides USCIS with discretion not to implement that statute altogether also fails. As the court in *A.C.C.S.* held, "Congress' grant of discretion to an agency is not an invitation for that agency to abdicate its responsibility to exercise that discretion. To read section 1184(p)(6) otherwise would be to allow the discretion granted by the word 'may' to eclipse the seemingly mandatory Congressional parameters for the exercise of that discretion, and render them purely hortatory," *See* 2019 WL at *9 (citing *Levine v. Apker*, 455 F.3d 71, 81 (2d Cir. 2006) (internal quotations omitted). *See also P.,* 3:19-cv-40119 (ECF 25) (holding that Defendants' interpretation of 8 U.S.C. § 1184 (p)(6) renders it superfluous, and familiar canons of statutory interpretation counsel against such an interpretation) (citing *Rodriguez*, 2018 WL 4783977 at *14); *But see N-N,* 2021 WL 1997033 at *9 (holding that the court lacks subject matter jurisdiction over the 1184(p)(6) claims); *Gonzalez,* 985 F.3d at 371 (finding lack of jurisdiction over 1184 (p)(6) claims).

The Court in *Aslam v. Mukasey*, 531 F. Supp. 2d 736, 739–40 (E.D. Va. 2008) reviewed a plaintiff's request for APA relief regarding adjudication delay related to his petition for adjustment of status under 8 U.S.C. § 1255(a). Similar to 8 U.S.C. § 1184(p)(6), section 1255(a) provides that the Attorney General "may" take action as described in the statute. Nevertheless, the *Aslam* court rejected the argument that 8 U.S.C. § 1252(a)(2)(B)(ii) strips the court of jurisdiction, explaining that "[a]lthough the [Immigration and Nationality Act] places the decision of whether to adjust status in the sound discretion of the Secretary, it says nothing about the Secretary's discretion to set the pace of that decision." *Aslam*, 531 F. Supp. 2d at 740; *see also Tang*, 493 F.Supp.2d at 153–54 (finding that although the "substance of an adjustment of status decision [i]s discretionary, the pacing of such a decision is not so specified.").

Plaintiffs' fifth cause of action alleges that the Government must be compelled under the Mandamus Act to adjudicate Plaintiffs' EAD eligibility because they have failed to perform a duty owed to Plaintiff to adjudicate EAD eligibility. *See* ECF 1 ¶¶ 75–80. Plaintiff V.U.C.'s sixth cause of action alleges that the Government must be compelled under the Mandamus Act to adjudicate Plaintiffs' EAD eligibility because they have failed to perform their duty to adjudicate it within a reasonable time. *Id.* ¶¶ 81–86. The Mandamus Act grants district courts the authority "to compel an officer or employee of" a United States agency "to perform a duty owed to the plaintiff[s]." 28 U.S.C. § 1361; *see In re Fall River, Mass.,* 470 F.3d 30, 32 (1st Cir. 2006). As discussed above, while 8 U.S.C. § 1184 (p)(6) provides USCIS with the discretion to either grant or deny work authorization (i.e. EAD), the statute requires USCIS to at least make an EAD eligibility determination for U-visa petitioners prior to their waitlist determination. *See Doe*, 19-cv-2216 (ECF 13). Moreover, Defendants have a duty to adjudicate Plaintiffs' EAD eligibility "within a

reasonable amount of time." See 5 U.S.C. § 555(b). As such, the Court has jurisdiction over Plaintiffs' EAD claims brought pursuant to the Mandamus Act.

    B.   <u>The Government Has Unlawfully Withheld and Unreasonably Delayed Plaintiffs' EAD Adjudications for Nearly Four Years.</u>

       Section 706 of the APA allows a court to "compel agency action unlawfully withheld or unreasonably delayed," which is what USICS has done in refusing to make a decision on Plaintiffs' pre-waiting-list authorization requests. For all the reasons described above, Plaintiffs have a right to both an adjudication of their EAD eligibility and that it be done so in a reasonable time. *See Rodriguez*, 2018 WL 4783977 at *15. Pursuant to 1184(p)(6), the Government should have considered Plaintiffs' pre-waitlist EAD eligibility at the time they filed their U-visa petitions, nearly four years ago – this is regardless of the fact that Plaintiff P.C.C. filed her paper EAD application in Dec. 2020 to reinforce her desire for EAD. *See* USCIS's June 14, 2021 Policy Alert (not requiring U-visa petitioners to have filed EAD application for consideration of pre-waitlist EAD based on bona fide U-visa petition). However, as USCIS's June 14, 2021 Policy Alert suggests, until June 2021, the Government never implemented any process for evaluating EAD eligibility prior to waitlist adjudication. The Government's failure to comply with their statutory duty to consider whether U-visa petitioners were eligible for a pre-waitlist EAD is a violation of the APA and actionable under the Mandamus Act. 8 U.S.C. § 1184(p)(6). While this policy alert purports to now create a process for reviewing EAD eligibility for U-visa petitioners, any impact of the policy on Plaintiffs is purely speculative as Plaintiffs continue to suffer an unreasonable nearly four year delay in EAD adjudication with no action taken on their EAD applications.

       Under the APA's TRAC factors 1 and 2, the Government's unlawful withholding and failure to comply with 8 U.S.C. § 1184(p)(6) is not subject to any rule of reason. *TRAC,* 750 F.2d at 70. Moreover, the other TRAC factors support Plaintiffs' EAD claims in a similar manner as

they did to the U-visa waitlist claims, as discussed *supra* Section I.B., but require further discovery for the Court to evaluate whether the EAD adjudication delays have been reasonable. *See P.*, 3:19-cv-40119 (ECF 25) (finding that Plaintiffs sufficiently alleged a claim for unlawful withholding and unreasonable delay of EAD eligibility under § 1184(p)(6)). Plaintiffs acknowledge other courts have found that the "may" language in Section 1184(p)(6) language gives USCIS the discretion to choose not to even adjudicate pre-waitlist EAD eligibility. *See N-N,* 2021 WL 1997033 at *8 (holding that the statutory language is "plainly discretionary"); *see also Gonzalez*, 985 F.3d 357 at 368 (holding Congress's requirement that the U-Visa program be implemented in combination with its silence regarding the implementation of work-authorization adjudications implies "the latter is not required"). However, these courts failed to utilize important statutory construction cannons to avoid a reading that would render the statute superfluous.

In the alternative, Plaintiffs are entitled to a writ of mandamus. 28 U.S.C. § 1361; *see Georges v. Quinn*, 853 F.2d 994, 995 (1st Cir. 1988). Under the Mandamus Act, a plaintiff must demonstrate she has (1): "a clear right to the relief sought"; (2): "has no other adequate remedy"; and (3): "that there is a clearly defined and peremptory duty on the part of the defendants, to do the act in question." *Georges*, 853 F.2d at 995. As established earlier, Plaintiffs have a right to a pre-waitlist EAD adjudication under 1184(p)(6) and USCIS has failed to fulfill its clearly defined duty to adjudicate Plaintiffs' EAD eligibility. Moreover, Plaintiffs have no other remedy to compel the Government to act. *See, e.g., Yu v. Brown*, 36 F. Supp. 2d 922, 932 (D.N.M. 1999) (finding no other available remedy for government to act on immigration application besides the Mandamus Act); *but see M.J.L.,* 420 F. Supp. 3d at 598 (dismissing mandamus claim because the APA provided a remedy for unlawfully delayed action).

C. <u>Alternatively, Since the Impact of USCIS's Recent U-visa EAD Policy Alert on Plaintiffs' EAD Adjudications is Entirely Speculative, Discovery is Needed to Determine if Delay is Reasonable.</u>

USCIS's June 14, 2021 Policy Alert does not moot Plaintiff's EAD claims, because Plaintiffs' EAD applications have still not been adjudicated, the EAD adjudication process referred to in the policy alert as the BFD process has still not been fully implemented according to the Government's Brief[6], the impact of the policy alert on Plaintiffs' EAD applications is speculative at best and requires discovery to examine, and lastly, the Court can still grant relief as to the EAD claims.

The Government incorrectly asserts that USCIS's June 14, 2021 Policy Alert allowing USCIS officers to adjudicate pre-waitlist EAD eligibility moots Plaintiffs' unlawful withholding and unreasonable delay EAD claims. *See* ECF 23 at 2. A case becomes moot when it is impossible for a court to grant relief to the prevailing party and when the pertinent facts are undisputed to the extent a conclusive determination of mootness can be made. *See Chafin v. Chafin*, 568 U.S. 165, 172 (2013); *Manguriu v. Lynch*, 794 F.3d 119, 122 (1st Cir. 2015). When the parties have "a concrete interest, however small . . . the case is not moot." *Chafin*, 568 U.S. at 166 (quoting *Knox v. Serv. Employees Int'l. Union, Loc. 1000*, 567 U.S. 298, 307–08 (2012). The First Circuit has held that "only when the pertinent facts are undisputed and the supplemented record allows for a conclusive determination of mootness can a reviewing court dispose of the matter without further ado." *Id.* at 122.

Plaintiffs' claims cannot be moot because their EAD applications have still not been adjudicated and this Court can still grant relief to Plaintiffs on their EAD claims. *See id. at* 172. Moreover, Plaintiffs still dispute pertinent facts related to the EAD claims, including the basis of

---

[6] *See* ECF 23. at 7 n. 9 (noting "Once the BFD process is fully implemented…").

the lengthy delays, that continue today. Discovery is required to develop a record to determine the impact of the policy alert on Plaintiffs' EAD adjudications and their timeline, and whether the ongoing delay is reasonable. *See Manguriu,* 794 F.3d at 120. These "pertinent facts" are unknown and cannot enable "a conclusive determination of mootness." *See id.* at 122. So long as questions of fact remain and Plaintiffs continue to suffer an undeniable ongoing harm, they have a concrete interest in obtaining relief. *See Chafin,* 568 U.S. at 166. Despite their request, Plaintiffs have not been informed by the Government as to when precisely their EAD applications will be adjudicated pursuant to this new policy alert. As such, the impact of the new policy on Plaintiffs' delayed EAD adjudications is speculative at best and further discovery is needed to determine how USCIS will operationalize the policy to actually result in timely adjudications and what actions, if any, have been taken on Plaintiffs' EAD requests pursuant to the policy.

## CONCLUSION

For the reasons mentioned herein, this Court should deny the Defendants' motion to dismiss.

July 27, 2021                                                 Respectfully submitted,

                                                             /s/ Reena Parikh
                                                             Reena Parikh, Esq. (BBO# 706891)
                                                             Boston College Legal Services LAB
                                                             Civil Rights Clinic
                                                             885 Centre St.
                                                             Newton Centre, MA 02459
                                                             (617) 552-0248
                                                             parikhre@bc.edu
                                                             *Counsel for Plaintiffs*

                                                             *BC Law students Dillon Lehr and
                                                             Adrián Santiago Ortiz rendered
                                                             assistance in the drafting of this brief.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that, on July 27, 2021, a copy of the foregoing memorandum of law and accompanying exhibits was filed electronically and served by mail on anyone unable to accept electronic filing at this time. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

Dated: July 27, 2021                                    /s/ Reena Parikh
                                                         Reena Parikh, Esq. (BBO# 706891)
                                                         Boston College Legal Services LAB
                                                         Civil Rights Clinic
                                                         885 Centre St.
                                                         Newton Centre, MA 02459
                                                         (617) 552-0248
                                                         parikhre@bc.edu