# Exhibit A

United States District Court

District of Massachusetts (Springfield)

CIVIL DOCKET FOR CASE #: 3:20-cv-30181-MGM

Guzman Leizon et al v. Wilkinson et al

| 05/24/2021 | 16 | Judge Mark G. Mastroianni: ELECTRONIC ORDER entered GRANTING IN PART AND DENYING IN PART 10 Defendants' Motion to Dismiss. |
|---|---|---|

Plaintiffs are U visa applicants who seek employment authorization pending a decision by U.S. Citizenship and Immigration Services ("USCIS") on their visa applications. By statute, only 10,000 U visas may be granted yearly, but the number of approvable U visa applications each year far exceeds this cap leading to a years-long waiting list of approvable applicants. Once individuals are placed on the waiting list, they are granted deferred action and USCIS may, at its discretion, "authorize employment for such petitioners and qualifying family members." 8 C.F.R. § 214.14(d). Plaintiffs filed U visa applications in August 2017 and are still awaiting a response from USCIS as to whether they will be placed on the U visa waiting list. While they wait, Plaintiffs are not granted deferred action and have no legal means of working to support themselves.

Plaintiffs seek, pursuant to § 706 of the Administrative Procedures Act ("APA") and the Mandamus Act, a court order requiring USCIS to process their applications for U nonimmigrant status and place them on the waiting list. *See* 5 U.S.C. § 706(1); 28 U.S.C. § 1361. Plaintiffs acknowledge that only USCIS has authority to grant or deny a U visa or place an individual on the waiting list, but assert the adjudication of their applications have been "unreasonably delayed," as evidenced by the length of time, now almost four years, since they submitted their applications. This court has jurisdiction under § 706 of the APA to consider Plaintiffs' claims of unreasonable delay. *See, e.g., Gonzalez v. Cuccinelli*, 985 F.3d 357, 375 (4th Cir. 2021). The government argues that Plaintiffs have failed to state a claim, asserting that a lengthy processing delay does not, alone, indicate "unreasonable" agency action and, due to resource constraints, all applications are subject to the same delays. While these arguments may, ultimately prevail, "[a] claim of unreasonable delay is necessarily fact dependent... and should not typically be resolved at [the motion to dismiss] stage." *Id.* At this stage, the court must credit Plaintiffs' factual allegations of the length of the delay and its impact on them, but cannot credit the explanations offered by Defendants as to justifications for the processing

1

delays. *Id.* As the length of the delay is significant and Plaintiffs' interests "are weighty, implicate health and welfare, and are harmed by the long wait," the court finds Plaintiffs have sufficiently stated a claim for unreasonable delay and are entitled to develop their case through discovery. *Id.*

However, the court denies Plaintiffs' claims for mandamus relief under Rule 12(b)(6). "Mandamus is an extraordinary remedy that is only available upon a showing that the plaintiff has exhausted all other avenues of relief and that the defendant owes the plaintiff a clear, nondiscretionary duty." *Camilo-Montoya v. United States*, 23 F.3d 394 (1st Cir. 1994). As Plaintiffs' claims of unreasonable delay survive, they cannot meet the first requirement for mandamus.

For the foregoing reasons, Defendants' Motion to Dismiss 10 is GRANTED as to Plaintiffs' Mandamus Act claims and DENIED as to Plaintiffs' APA claims regarding the adjudication of their U visa applications. The Clerk of Court is ordered to set a scheduling conference. (Lindsay, Maurice) (Entered: 05/24/2021)