# Exhibit B

United States District Court

District of Massachusetts (Springfield)

CIVIL DOCKET FOR CASE #: 3:19-cv-40119-MGM

Case Name: P et al v. McAleenan et al

| 05/19/2021 | 25 | Judge Mark G. Mastroianni: ELECTRONIC ORDER entered GRANTING IN PART AND DENYING IN PART 15 Defendants' Motion to Dismiss.<br><br>Plaintiffs are victims of violent crimes and U visa applicants who seek employment authorization pending a decision by U.S. Citizenship and Immigration Services ("USCIS") on their visa applications. By statute, only 10,000 U visas may be granted yearly, but the number of approvable U visa applications each year far exceeds this cap leading to a years-long waiting list of approvable applicants. Individuals with "bona fide" applications may obtain employment authorization from USCIS pursuant to 8 U.S.C. §1184(p)(6) before they are added to the waiting list. Plaintiffs filed U visa applications in December 2016 and are still awaiting a response from USCIS. While they wait, Plaintiffs have no legal means of working to support their families unless USCIS grants them pre-waiting-list employment authorization under Section 1184(p)(6).<br><br>Plaintiffs seek, pursuant to Section 706 of the Administrative Procedures Act ("APA") and the Mandamus Act, a court order requiring USCIS to decide their applications for pre-waiting-list work authorization. *See* 5 U.S.C. § 706(1); 28 U.S.C. § 1361. Plaintiffs acknowledge that only USCIS has authority to grant or deny them employment authorization. The court, however, has jurisdiction under APA Section 706 to order USCIS to make a decision. *See, e.g., Rodriguez v. Nielsen,* No. 16-7092, 2018 WL 4783977, at *7 (E.D.N.Y. Sept. 30, 2018) ("While the decision to grant or deny Plaintiff[s'] applications implicates an agency's exercise of discretion, the question of whether that adjudication has been unlawfully withheld or unreasonably delayed does not.").<br><br>Neither the First Circuit nor any courts in this district have addressed Plaintiffs' legal issues. The court finds the analysis of the U.S. District Court for the Eastern District of New York in *Rodriguez v. Nielsen* persuasive. *See id.; see also Doe v. McAleenan*, No. 19-2216, slip op. at 2 n.1 (E.D. Pa. Sept. 23, 2019) (following *Rodriguez*). Section 706 of the APA allows a court to "compel agency action unlawfully withheld or unreasonably delayed," which is what USICS has done in refusing to |

make a decision on Plaintiffs' pre-waiting-list authorization requests. Defendants argue that the language of Section 1184(p)(6)the agency "may grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status"gives USCIS discretion to grant, deny, or decline to decide applications for pre-waiting-list work authorization. (*See* Dkt. No. 16, Defendants' Memorandum in support of their Motion to Dismiss at 12 (quoting § 1184(p)(6))). But Defendants' interpretation of the statute renders it superfluous, and familiar canons of statutory interpretation counsel against such an interpretation. *See Rodriguez*, 2018 WL 4783977, at *14 (citing *Corley v. United States*, 556 U.S. 303, 314 (2009)). Plaintiffs have been waiting since December 2016 for a decision as to whether their "bona fide" U visa petitions merit pre-waiting-list work authorization. This wait is long enough to state a colorable claim for "unreasonable delay" under Section 706. *See Doe v. McAleenan*, slip op. at 2 n.1 (finding four-year wait stated basis for relief under APA).

Plaintiffs also argue that a since-repealed version of 8 C.F.R. § 274a.13(d) requires USCIS to adjudicate their pre-waiting-list requests within 90 days or issue interim authorizations. (*See* Dkt. No. 1, Complaint at 77-84.) The court finds the reasoning of the district court in *Rodriguez* persuasive on this point as well. First, the 2016 version of Section 274a.13(d), when Plaintiffs submitted their employment authorization requests, applies. Plaintiffs "ha[ve] a vested right to have [their employment authorization] application[s] adjudicated within ninety days or receive an interim [employment authorization] pursuant to section 274a.13(d)" because applying the 2017 revised version of the regulation would retroactively strip Plaintiffs of their rights, which Congress did not intend. *See Rodriguez*, 2018 WL 478397, at *18 (internal citations omitted). Second, Plaintiffs, who have waited years without even interim employment authorization, state a claim for relief under Section 274a.13(d).

The court dismisses Plaintiffs' claims for mandamus relief under Rule 12(b)(6). "Plaintiff[s] [are] not entitled to mandamus relief because [they] ha[ve] other remedies available under the APA." *Rodriguez*, 2018 WL 4783977, at *21-22 (reciting elements of mandamus claim as "(1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; and (3) no other adequate remedy available") (internal quotation marks and citations omitted).

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED as to Plaintiffs' Mandamus Act claims and DENIED as to Plaintiffs' APA

|  |  | claims. The Clerk of Court is ordered to set a scheduling conference. (Lindsay, Maurice) (Entered: 05/19/2021) |