# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE DOE #1, JANE DOE #2, and <br> JANE DOE #3, | : <br> : <br> : | |
| Plaintiffs, | : <br> : | CIVIL ACTION NO. 19-2216 |
| v. | : <br> : | |
| KEVEN MCALEENAN, Acting Secretary <br> of United States Department of Homeland <br> Security, L. FRANCIS CISSNA, Director <br> of United States Citizenship and <br> Immigration Services; DONALD <br> NEUFELD, Associate Director of United <br> States Citizenship and Immigration Services <br> Service Center Operations Directorate; <br> MARK HAZUDA, Director of United States <br> Citizenship and Immigration Services <br> Nebraska Service Center; and LAURA <br> ZUCHOWSKI, Director of United States <br> Citizenship and Immigration Services <br> Vermont Service Center, | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | |
| Defendants. | : | |

**ORDER**

**AND NOW**, this 23rd day of September, 2019, after considering: (1) the complaint (Doc. No. 1); (2) the motion to dismiss filed by the defendants, Francis Cissna, Director of the United States Citizenship and Immigration Services, Keven McAleenan, Acting Secretary of the United States Department of Homeland Security, Donald Neufeld, Associate Director of United States Citizenship and Immigration Services Service Center Operations Directorate, Laura Zuchowski, Director of United States Citizenship and Immigration Services Vermont Service Center, and Mark Hazuda, Director of United States Citizenship and Immigration Services Nebraska Service Center (Doc. No. 4); (3) the response in opposition to the motion filed by the plaintiffs, Jane Doe #1, Jane Doe #2, and Jane Doe #3 (Doc. No. 6); and (4) the defendants' reply brief in support of the motion

to dismiss (Doc. No. 8); and after oral argument on the motion to dismiss on September 18, 2019, it is hereby **ORDERED** as follows:

1. The motion to dismiss (Doc. No. 4) is **DENIED**;[1]

2. An initial pretrial conference is scheduled before Judge Edward G. Smith in the above-captioned case. The conference will be held at the Holmes Building, 101 Larry Holmes Drive, 4th Floor, Easton, Pennsylvania 18042 on **November 1, 2019**, at **1:30 p.m.**[2] Requests to reschedule this conference are strongly discouraged, and the court will only continue the conference when compelling circumstances so require;

3. Prior to the initial pretrial conference, the parties should confer and prepare a joint report pursuant to Federal Rule of Civil Procedure 26(f). This joint report should be e-mailed to chambers no later than three days prior to the initial pretrial conference; and

4. The parties shall commence discovery **immediately**.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[1] The defendants moved to dismiss the complaint on three bases: (1) the plaintiffs' Administrative Procedure Act ("APA") waitlist claim is not actionable based solely on an allegation of unreasonable delay; (2) the court lacks subject-matter jurisdiction over any claims that the agency has not yet adjudicated, such as the issuance of an Employment Authorization Document ("EAD"), and (3) the plaintiffs are not entitled to mandamus relief because they cannot show that the defendants have a nondiscretionary duty to treat them preferentially ahead of other, equally situated applicants. Defs.' Francis Cissna, Keven McAleenan, Donald Neufeld, Laura Zuchowski, and Mark Hazuda's Mem. of L. in Supp. of Mot. to Dismiss Pl.'s Compl. ("Defs.' Br.") at 3–16, Doc. No. 4. The court will first address subject-matter jurisdiction, before turning to the defendants' remaining arguments.

Subject-matter jurisdiction is a threshold question that a court must address before getting into the merits of a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88–89 (1998). Here, the defendants' contend that the court lacks subject-matter jurisdiction to adjudicate the plaintiffs' claims because section 701(a) of the APA does not allow for judicial review when "**(1)** statutes preclude judicial review; or **(2)** agency action is committed to agency discretion by law." 5 U.S.C. § 701(a); Defs.' Br. at 2–3. The defendants maintain section 701(a) precludes judicial review because section 1252(a)(2)(B)(ii) of the Immigration and Nationality Act ("INA") specifically precludes judicial review of "any . . . decision or action of the Attorney General or the Secretary of Homeland Security for which is

2

specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security . . . ." 8 U.S.C. § 1252(a)(2)(B)(ii); Defs.' Br. at 2–3. The court does not find these arguments to be persuasive.

Although the Third Circuit has not directly addressed the subject-matter jurisdiction issues raised by the defendants, the Third Circuit has on several occasions urged the adoption of a narrow reading of section 1252(a)(2)(B)(ii). For example, in *Khan v. Attorney Gen.,* 448 F.3d 226, 232 (3d Cir.2006), the court, quoting from the Fifth Circuit's analysis of section 1252(a)(2)(B)(ii)'s scope, favorably noted that:

> One might mistakenly read § 1252(a)(2)(B)(ii) as stripping us of the authority to review any discretionary immigration decision. That reading, however, is incorrect, because § 1252(a)(2)(B)(ii) strips us only of jurisdiction to review discretionary authority *specified in the statute.* The statutory language is uncharacteristically pellucid on this score; it does not allude generally to "discretionary authority" or to "discretionary authority exercised *under this statute,*" but specifically to "authority for which is *specified under this subchapter* to be in the discretion of the Attorney General."

*Id.* (quoting *Zhao v. Gonzales,* 404 F.3d 295, 303 (5th Cir. 2005)). In *Han Cao v. Upchurch*, 496 F. Supp. 2d 569, 573–74 (E.D. Pa. 2007), another judge in this district affirmed this narrower interpretation of section 1252(a)(2)(B)(ii) and concluded that the court had subject-matter jurisdiction over the plaintiffs' action to compel the United States Citizenship and Immigration Services ("USCIS") to act upon their application to adjust their immigration status to permanent residency. In *Han Cao*, the court held that while the INA may place decisions on adjusting immigration statuses in the discretion of the Attorney General, "it says nothing about the pace of such a decision, and certainly does not confer on the Attorney General discretion to let such a petition languish indefinitely." *Id.* at 573 (citations omitted).

This court agrees with the rationale set forth in *Han Cao*. In addition, the discretionary authority to determine the pace of application processing is not specified under the relevant subchapter. While the decision to grant plaintiffs' U visa application is discretionary, the decision to process the application is not. Similarly, plaintiffs can assert a right to adjudication of their employment authorization claim and to temporary relief in the interim. *See Rodriguez v. Nielsen*, No. 16-CV-7092 (MKB), 2018 WL 4783977, at *11 (E.D.N.Y. Sept. 30, 2018) ("While Defendants are not obligated to grant Plaintiff an EAD, they are obligated to adjudicate his application.").

This court also finds persuasive the analysis in *Aslam v. Mukasey*, 531 F. Supp. 2d 736, 739–40 (E.D. Va. 2008), and in *Solis v. Cissna*, Civ. A. No. 9:18-83-MBS, slip. op. at 27–28 (D.S.C. July 11, 2019). In ruling on the parties' cross-motions for summary judgment, the *Aslam* court rejected the argument that section 1252(a)(2)(B)(ii) strips the court of jurisdiction, explaining that "[a]lthough the [INA] places the decision of whether to adjust status in the sound discretion of the Secretary, it says nothing about the Secretary's discretion to set the pace of that decision." 531 F. Supp. 2d at 740 (citing, among other cases, *Khan v. Att'y Gen.*, 448 F.3d 226, 232 (3d Cir. 2006) ("The key to § 1252(a)(2)(B)(ii) lies in its requirement that the discretion giving rise to the jurisdictional bar must be 'specified' by statute")).

In *Solis v. Cissna*, the court determined that it had subject-matter jurisdiction over an action pertaining to USCIS's "failure to adjudicate Plaintiffs' eligibility for work authorization" for the following reasons:

> First, section 1184(p)(6) contains no language specifying USCIS's use of discretion regarding the timing of granting an EAD. *See Alaka v. Attorney Gen.*, 456 F.3d 88, 95 (3d Cir. 2006) (holding that "the jurisdiction stripping language of § 1252(a)(2)(B)(ii) applies not to all decisions the Attorney General is entitled to make, but to a narrower category of decisions where Congress has taken the additional step to specify that the sole authority for the action is in the Attorney General's discretion"); *Duan v. Zamberry*, No. 06-1351, 2007 WL 626116, at *2 (W.D. Pa. Feb. 23, 2007) ("The subchapter at issue specifies only that it is within the discretion of the Attorney General to adjust one's status; it does not address, much less specify any discretion associated with, the pace of application processing . . . [g]iven the absence of an explicit provision to that effect, the principles enunciated in [*Khan v. Attorney Gen.*, 448 F.3d 226, 232 (3d Cir. 2006)] and *Alaka* render Section 1252(a)(2)(B)(ii) inapplicable to a claim of adjudicatory delay").

*Solis*, slip. op. at 18–19 (alterations and omissions in original). Similarly, this court must follow Third Circuit precedent and conclude that there is no jurisdictional bar that prevents this court from exercising jurisdiction over the complaint here.

Because this court is not stripped of its jurisdiction under the INA, subject-matter jurisdiction exists under 28 U.S.C. § 1331. ("The district courts shall have original jurisdiction of all civil actions arising under the . . . laws . .

3

. of the United States."); *see also Costa v. Chertoff*, Civil Action No. 07-2467, 2007 WL 4456218 at *3 (E.D. Pa. Dec. 11, 2007) ("Jurisdiction for an APA claim is based on federal question jurisdiction under 28 U.S.C. § 1331."). Furthermore, the Mandamus Act provides an independent basis for this court to exercise subject-matter jurisdiction. *See* 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."). Since there is federal subject-matter jurisdiction, the court will address the defendants' concerns that the plaintiffs' claims are not actionable.

A complaint must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A motion to dismiss under Rule 12(b)(6) tests "the sufficiency of the allegations contained in the complaint." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). To survive a motion to dismiss, a complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).

Here, the defendants assert that the plaintiffs cannot establish an unreasonable delay claim regarding their APA claims because if this court were to prioritize Jane Doe #1's U visa petition, it would be ordering the USCIS to "'move all other [U visa petitions] back one space and produce no net gain.'" Defs.' Br. at 9 (quoting *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1100 (D.C. Cir. 2003)). The defendants contend that because the plaintiffs have not provided facts that distinguish them from other similarly situated petitioners, they do not have a viable unreasonable delay claim. *Id.* The defendants maintain that "[t]he equities do not support the plaintiffs' request to be moved to the front of the line simply by virtue of initiating litigation when it will soon be their turn if they wait." Defs.' Reply Br. in Supp. of Mot. to Dismiss at 5, Doc. No. 8.

This court finds that the plaintiffs may have already waited their turn as their petition has been pending for 44 months. *See, e.g.*, *Patel v. Cissna*, No. 4:18-CV-230 (CDL), 2019 WL 3945659, at *7 (M.D. Ga. Aug. 20, 2019) (concluding that "[b]ased on the facts alleged in Plaintiff's complaint, the Court cannot find as a matter of law that Defendants' four-year delay in deciding whether to place Plaintiff on the U Visa waiting list was reasonable. Other courts have similarly resisted drawing arbitrary lines as a matter of law for unreasonable delay claims."); *Solis v. Cissna*, No. CV 9:18-83-MBS, 2018 WL 3819099, at *4–5 (D.S.C. Aug. 10, 2018) (finding that U visa applicant alleging 37-month delay stated unreasonable delay claim strong enough to survive motion to dismiss). In line with other district courts, this court finds that a waiting period of almost four years states a plausible claim for relief from unreasonable delay.

Furthermore, as for the defendants' argument that such a ruling may create a floodgate of litigation, their argument is speculative at best. In this regard, "the fact that other individuals similarly deprived of their rights to have their applications processed according to the law may seek redress is hardly a reason to withhold relief that is legally warranted." *Dong v. Chertoff*, 513 F. Supp. 2d 1158, 1171 (N.D. Cal. 2007).

Concerning the plaintiffs' mandamus claim, while defendants argue that the plaintiffs are not entitled to mandamus, the court finds that plaintiffs' have alleged sufficient facts to survive the motion to dismiss. The Mandamus Act authorizes federal district courts to compel federal government employees and officials "to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. To have a claim under the Mandamus Act, a plaintiff must demonstrate that "(1) plaintiff's clear right to the relief requested; (2) the defendant's clear duty to act; and (3) plaintiff has no other adequate remedy available." *Taggart v. GMAC Mortg.*, Civ. A. No. 12-415, 2012 WL 5929000, at *7 (E.D. Pa. Nov. 26, 2012) (citation omitted); *see also Harmon Cove Condo. Ass'n, Inc. v. Marsh*, 815 F.2d 949, 951 (3d Cir. 1987) ("The Supreme Court has stated that relief is available to a plaintiff under Section 1361 'only if he has exhausted all other avenues of relief and only if the defendant owes him a clear, nondiscretionary duty." (quoting *Heckler v. Ringer*, 466 U.S. 602 (1984)). The defendants argue that Jane Doe #3's right to mandatory employment authorization expired when the applicable regulation changed in 2017. They further contend that even if the repeal of the regulation does not cure the government's failure to comply with the regulation over three years ago, the government did not violate Jane Doe #3's rights because the USCIS takes the position that the 90-day adjudication period under the former regulation did not start until after the USCIS determined that the petitioners were entitled to be placed on the U visa waitlist.

As to whether the 2017 change to the mandatory employment authorization regulation has a retroactive effect, this court finds the reasoning of the court in *Rodriguez v. Nielsen* to be persuasive. In *Rodriguez*, the court held that "Plaintiff has a vested right to have his EAD application adjudicated within ninety days or receive an interim EAD pursuant to section 274a.13(d) Interim EAD. Because the application of the revised rule would strip Plaintiff of these vested rights, it 'would have retroactive effect' that Congress did not authorize." No. 16-CV-7092 (MKB), 2018 WL 4783977, at *18 (E.D.N.Y. Sept. 30, 2018) (internal citations omitted). Similarly, in this case Jane Doe #3 claims to have a vested right and to hold otherwise would be to give the new version of the regulation a retroactive effect that Congress did not provide for. Furthermore, even though the USCIS takes the stance that the 90-day period does not

4

begin to toll until after the petitioners were placed on the U visa waitlist, this position is not entitled to court deference as the statute itself only refers to the filing of the "application" and is silent about wait list determinations being relevant for EADs. When the law provides the answer, the court should not defer to a reading that goes against the law. *See Kisor v. Wilkie*, 139 S. Ct. 2400, 2415 (2019) ("But if the law gives an answer—if there is only one reasonable construction of a regulation—then a court has no business deferring to any other reading, no matter how much the agency insists it would make more sense."). Therefore, because Jane Doe #3 may be entitled to mandamus relief the court must deny the motion to dismiss and allow the case to proceed with regards to this claim as well.

[2] The undersigned's policies and procedures are available on the court's website at https://www.paed.uscourts.gov.