### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| V.U.C., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:21-cv-10652-RGS |
| | ) | (Leave to File Granted 7/14/2021) |
| UNITED STATES CITIZENSHIP AND | ) | |
| IMMIGRATION SERVICES, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Instead of waiting their turn, Plaintiffs demand that they be put at the front of the queue of over 160,000 pending principal U visa petitions, filed on behalf of petitioners who also contend they are crime victims seeking lawful nonimmigrant status and employment authorization, without alleging why they merit special treatment. The Court should dismiss the Complaint for lack of jurisdiction or failure to state a claim. First, both the Administrative Procedure Act ("APA") and Immigration and Nationality Act ("INA") strip this Court of jurisdiction to review Plaintiffs' claims of delayed adjudication of their U visa petitions and employment authorization applications based on placement on the waitlist, as well as failure to grant work authorization before waitlist placement. Second, even if there is jurisdiction, Plaintiffs have failed to state a claim that any delay is unreasonable.

### ARGUMENT

**I.    The Court Lacks Jurisdiction over Plaintiffs' APA Claims.**

The APA precludes judicial review of Plaintiffs' claims because Plaintiffs challenge agency actions committed to agency discretion by law. *Norton v. Southern Utah Wilderness All.*,

542 U.S. 55, 64 (2004) ("*SUWA*"); *see also* 5 U.S.C. § 701(a). Moreover, 8 U.S.C. § 1252(a)(2)(B)(ii) precludes judicial review of such discretionary actions. *Id.*

Under 8 U.S.C. § 1184(a)(1), "[t]he admission to the United States of any alien as a nonimmigrant shall be for such time and *under such conditions as the [Secretary of Homeland Security] may by regulations prescribe* …." (emphasis added). On its face, the statute is clear that Congress has granted USCIS broad discretion to process nonimmigrant visas, including petitions for U nonimmigrant status. This broad discretion necessarily includes the timing within which U.S. Citizenship and Immigration Services ("USCIS") adjudicates Plaintiffs' waitlist adjudications and the adjudication of any concomitant applications for employment authorization documents ("EAD"). Plaintiffs do not address 8 U.S.C. § 1184(a)(1). *See* Dkt. 28 at 9-12. Instead, Plaintiffs contend they are challenging "the Government's unreasonable delay in making a decision in the first place." *Id.* at 10. But Plaintiffs are certainly seeking review of USCIS's discretionary action to adjudicate earlier-filed petitions before theirs, as well as "the various other discretionary acts that constitute the process as a whole and that direct the pace of the process." *Beshir v. Holder*, 10 F. Supp. 3d 165, 174 (D.D.C. 2014). Consequently, because Congress has placed such acts squarely within the discretion of the Secretary of Homeland Security, the Court lacks jurisdiction under both the APA and INA over the claims relating to allegedly delayed U visa waitlist adjudications and the adjudication of any concomitant EAD applications. *See also Hasan v. Wolf*, 1:20-cv-3831-JPB, at *11 (N.D. Ga. July 23, 2021) (Ex. 1).

Plaintiffs concede that 8 U.S.C. § 1184(p)(6) confers discretion on the Secretary of Homeland Security to decide whether to grant employment authorization before waitlist adjudication. *See* Dkt. 28 at 17. However, they argue that "it does not confer on the Attorney General discretion to let such a petition languish indefinitely." *Id.* (internal citations omitted). This

argument is unavailing, since "Congress did not require [that] the USCIS determine whether any particular applicant was eligible to receive work authorization under § 1184(p)(6)." *Ramires v. Wolf*, No. 1:20-CV-203-KWR-SMV, 2020 WL 6146393, at *5 (D.N.M. Oct. 20, 2020); *see also Gonzalez v. Cuccinelli*, 985 F.3d 357, 371 (4th Cir. 2021) (concluding that "the agency is not required to implement or adjudicate pre-waiting-list work authorizations and so its failure to adjudicate Plaintiffs' requests in a timely manner is unreviewable"); *Uranga v. U.S. Citizenship & Immigr. Servs.*, 490 F. Supp. 3d 86, 98 (D.D.C. Sept. 28, 2020) (finding "no indication in [Section 1184(p)(6)] that the Secretary is *required* to evaluate whether a petitioner's application is bona fide." (emphasis in original)); *see also Hasan*, 1:20-cv-3831-JPB, at *14 (Ex. 1). Given that the decision whether to grant pre-waitlist work authorization is committed solely to the discretion of the Secretary of Homeland Security, both the APA and INA bar this claim as well.

In support of its argument to the contrary, Plaintiffs rely on *P. v. McAleenan*, 3:19-cv-40119-MGM (D. Mass. May 19, 2021) (Electronic Order) (Dkt. 28-1).[1] *See* Dkt. 28 at 16. In *P.*, the Court relied on *Rodriguez v. Nielsen*, No. 16-7092, 2018 WL 4783977, at * 7 (E.D.N.Y. Sept. 30, 2018) for the proposition that "[w]hile the decision to grant or deny Plaintiff[s]' applications implicates an agency's exercise of discretion, the question of whether that adjudication has been unlawfully withheld or unreasonably delayed does not." Dkt. 28-1. *Rodriguez*, in turn, cited *INS v. St. Cyr*, 533 U.S. 289 (2001). *Rodriguez*, 2018 WL 4783977, at * 7. But *St. Cyr* does not require USCIS to make a decision on Plaintiffs' pre-waitlist work authorization applications. As the Fourth Circuit explained, "*St. Cyr* discussed habeas corpus jurisdiction for immigration proceedings and is best limited to those issues." *Gonzalez* 985 F.3d at 370. Moreover, "in *St. Cyr* the agency did

---

[1] Plaintiffs also rely on *A.C.C.S. v. Nielsen,* No. CV18-10759-DMG (MRWx), 2019 WL 7841860, at *9 (C.D. Cal. Sept. 17, 2019), which similarly cites to *Rodriguez* and *St. Cyr*.

not adjudicate a particular benefit request even though procedures and standards for evaluating such requests existed and had historically been employed." *Id*. Here, by contrast, prior to the Bona Fide Determination ("BFD") Process, USCIS exercised its discretion not to separately implement Section 1184(p)(6), since the existing regulatory waitlist mechanism includes a provision for discretionary employment authorization while U visa petitions are pending. Hence, until recently "there [were] no regulations or defined procedures, much less longstanding ones, for evaluating pre-waiting-list work authorizations." *Gonzalez*, 985 F.3d at 370. *St. Cyr* therefore is inapposite. *See id.*; *see also Uranga*, 490 F. Supp. 3d at 99-100 (finding *St. Cyr* inapplicable to claim regarding failure to adjudicate pre-waitlist EAD application); *Butanda v. Wolf*, No. 1:20-CV-01155-DDD-STV, 2021 WL 327714, at *5 (D. Colo. Feb. 1, 2021) (same).

## II.     The APA Claims Should Be Dismissed for Failure to State a Claim.

Even if the Court concludes it has jurisdiction over the APA claims, the APA claims regarding allegedly delayed adjudication of U visa petitions and concomitant EAD applications should be dismissed because Plaintiffs have failed to allege that any delay is unreasonable. Fed. R. Civ. P. 12(b)(6). The APA claims regarding allegedly delayed adjudication of pre-waitlist EAD applications should also be dismissed because there is no requirement to provide pre-waitlist work authorization. *Id.*

### A. Plaintiffs Have Failed to Plausibly Allege an Unreasonable Delay in Adjudicating Plaintiffs' U Visa Petitions and Concomitant EAD Applications.

According to Plaintiffs, the Court cannot resolve their unreasonable-delay claims on a motion to dismiss, and discovery should be completed first. *See, generally,* Dkt. 28. While "some courts have held that it is inappropriate to decide unreasonable-delay claims at the motion-to-dismiss stage before discovery, . . . the weight of authority appears to cut in the opposite direction." *Palakuru v. Renaud*, No. 1:20-CV-02065 (TNM), 2021 WL 674162, at *3 (D.D.C. Feb. 22, 2021)

(citations omitted) (discussing weight of authority within D.D.C.), *appeal docketed*, No. 21-5048 (D.C. Cir. Feb. 26, 2021); *see also Uranga*, 490 F. Supp. 3d at 102-106 (considering TRAC factors and finding plaintiffs failed to state a claim for an over four-year delay); *N-N- v. Mayorkas*, --- F. Supp. 3d. ----, 2021 WL 1997033, at *12 (E.D.N.Y. 2021) (same); *Voronstova v. Chertoff*, No. 07-10426-RGS, 2007 WL 3238026, at * 2 (D. Mass. Nov. 2, 2007) (concluding delay was not per se unreasonable at the motion to dismiss stage). The Court should therefore find that the motion to dismiss is ripe for adjudication based on the allegations in the Complaint.

Here, dismissal under Rule 12(b)(6) is appropriate based on the factors set forth in *Telecomm. Research and Action Ctr. v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984) ("*TRAC*"). "In applying these factors, the Court is not determining whether there has been an unreasonable delay; rather, it is determining whether plaintiffs' complaint has alleged facts sufficient to state a plausible claim for unreasonable administrative delay." *Ghadami v. United States Dep't of Homeland Sec*., No. CV 19-00397 (ABJ), 2020 WL 1308376, at *7 (D.D.C. Mar. 19, 2020). Plaintiffs' claims fail because their allegations that USCIS has "failed to timely adjudicate" the petitions, Dkt. 1 ¶ 24, give rise to an "obvious alternative explanation" for the delay, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007): an overwhelming backlog of U visa petitions and too few agency resources to adjudicate them at Plaintiffs' desired pace.

Plaintiffs attempt to distract from their failure to allege an unreasonable delay by casting doubt on USCIS's U visa adjudication processes and stating that they need to "investigate the Government's allegations." Dkt. 28 at 13. But the parameters of USCIS's policies are clearly set forth in public documents and no allegations to the contrary are found in the Complaint. As with the waiting list, USCIS is adjudicating petitions under the BFD process in the order in which they were received, subject to limited exceptions. USCIS, "Check Case Processing Times," available

at: https://egov.uscis.gov/processing-times/ (last visited August 4, 2021)(visitor must select "Form I-918" and either "Vermont Service Center" or "Nebraska Service Center" from drop-down menus). Those whose petitions are not deemed bona fide, or do not merit a favorable exercise of discretion, will proceed to the full waiting list adjudication described at 8 C.F.R. § 214.14(d)(2). *See* USCIS Policy Manual, Volume 3, Part C, Chapter 4, available at: https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-4 (last visited August 4, 2021). The new policy will allow USCIS "to review petitions more efficiently and provide the benefits of employment authorization and deferred action to more petitioners in a shorter time period." *See* USCIS Policy Manual, Volume 3, Part C, Appendices, available at: https://www.uscis.gov/policy-manual/volume-3-part-c (last visited August 4, 2021). As noted in Defendant's Motion to Dismiss, the Court may properly take judicial notice of facts such as these that are not subject to reasonable dispute. Dkt. 23 at 3 n.3; *United States v. Charles*, 456 F. Supp. 3d 268, 283 n. 11 (D. Mass. 2020).

In fact, Plaintiffs offer nothing to support their claims of unreasonable delay other than its length and a recitation of harms common to all U visa applicants. Dkt. 28 at 14. However, courts have repeatedly held that the mere passage of time is insufficient to state a claim for unreasonable delay. *Anversa v. Partners Healthcare Sys., Inc.*, 835 F.3d 167, 178 (1st Cir. 2016) ("The duration of administrative proceedings, without more, cannot suffice to demonstrate that an agency's actions are unreasonable."); *INS v. Miranda*, 459 U.S. 14, 18 (1982) (per curium) (holding that the mere "length of time that the INS took to process respondent's application," although "indeed long," was insufficient to show "the delay was unwarranted"); *see also Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1102 (D.C. Cir. 2003) (noting that reasonableness "cannot be decided . . . by reference to some number of months or years beyond which agency action is presumed to be unlawful.").

While Plaintiffs argue that they need not allege that they have been treated differently from other U visa petitioners, *see* Dkt. 28 at 14-15, courts have repeatedly held that differential treatment is key to whether a delay is unreasonable. Unless Plaintiffs allege that their "wait time has been any more unreasonable than other petitioners waiting in the same line," there is "no reason" to allow Plaintiffs to "skip ahead of other petitioners who filed an application before [them]." *Calderon-Ramirez v. McCament*, 877 F.3d 272, 275 (7th Cir. 2017). Hence, "absent allegations that an applicant has been treated differently from other applicants, claims by U-Visa applicants to move ahead of other applicants should be rejected." *Mendez v. United States Dep't of Homeland Sec.*, --- F. Supp. 3d ----, No. 1:20-CV-460, 2020 WL 7585828, at *4 (W.D. Mich. Dec. 16, 2020); *see also Morgovsky v. Dep't of Homeland Sec.*, 517 F. Supp. 2d 581, 585 (D. Mass. 2007) ("The court simply has insufficient reason to advance Morgovsky to the head of the queue.").

Simply put, Plaintiffs want the Court to order USCIS to reallocate its limited resources to adjudicate their petitions first, without offering any reason why they should receive preferential treatment. But "courts are completely unqualified" to decide the sufficiency of an agency's resources to complete adjudications at Plaintiffs' desired pace, and "reshuffling the agency's files" will not solve the problem of inadequate resources in any event. *In re Barr Labs.*, 930 F.2d 72, 76 (D. C. Cir. 1991). Indeed, Plaintiffs cannot seek judicial review of USCIS's management priorities under the APA, since balancing those priorities is committed to agency discretion. *See* 5 U.S.C. § 701(a)(2); *Heckler v. Chaney*, 470 U.S. 821, 831-32 (1985) (noting that the "agency is far better equipped than the courts to deal with the many variables involved in the proper ordering of priorities").

**B. There Is No Duty to Provide Pre-Waitlist Work Authorization and Thus Agency Action Cannot Be Unlawfully Withheld or Unreasonably Delayed.**

Plaintiffs contend that Section 1184(p)(6) creates a "statutory duty" for USCIS to grant their EAD applications before waitlist adjudication. Dkt. 28 at 19. But, as discussed above, Section 1184(p)(6) creates no duties whatsoever. Plaintiffs again cite to *Rodriguez*, 2018 WL 4783977 at *14 and *P*, 3:19-cv-40119-MGM (Dkt. 28-1) (relying on *Rodriguez*) as supporting their interpretation of Section 1184(p)(6), *see* Dkt. 28 at 19-20. But district courts have repeatedly rejected *Rodriguez* as unpersuasive. *See Butanda*, 2021 WL 327714, at *5; *Ramires*, 2020 WL 6146393, at *5; *Uranga*, 490 F. Supp. 3d at 99-100; *Patel v. Cissna*, 400 F. Supp. 3d 1373, 1380 (M.D. Ga. 2019). Given the lack of any statutory duty to adjudicate, let alone grant, EAD applications before placement on the waitlist, Plaintiffs cannot plausibly allege that the failure to adjudicate or grant their EAD applications constitutes unlawfully withheld or unreasonably delayed agency action under 5 U.S.C. §706(1).[2] The Court should dismiss these claims.

**III.    The Court Lacks Jurisdiction over the Mandamus Claims.**

Plaintiffs are also not entitled to relief under the Mandamus Statute, which applies only to enforce "a specific, unequivocal command . . . about which an official ha[s] no discretion whatever." *SUWA*, 542 U.S. at 63 (internal quotation marks and alteration omitted). Plaintiffs contend that "USCIS has a non-discretionary duty to adjudicate Plaintiffs' U visa waitlist eligibility," Dkt. 28 at 13, and to "at least make an EAD eligibility determination for U-visa petitioners prior to their waitlist determination., *id.* at 18. Moreover, they contend that the APA requires that USCIS do so "within a reasonable time." *Id.*

---

[2] Plaintiffs' efforts to apply the *TRAC* factors for unreasonable delay to this claim, *see* Dkt. 28 at 19-20, are therefore unavailing.

The Court should dismiss the mandamus claims. First, if the Court concludes that Section 1252(a)(2)(B)(ii) applies, that provision expressly forecloses jurisdiction over the mandamus claims. *See* 8 U.S.C. § 1252(a)(2)(B)(ii); *Tourasi v. Meuller*, 538 F. Supp. 2d. 447, 452 (D. Mass. 2008). Second, while there is a duty to adjudicate U visa petitions, there is no specific, unequivocal command to do so within a particular time frame. *A.C.C.S.*, 2019 WL 7841860, at *7. Based on the *TRAC* factors, the delay here is not unreasonable and hardly warrants the "extraordinary remedy" of mandamus relief. *Pittson Coal Grp. v. Sebben*, 488 U.S. 105, 121 (1988). Third, there is no specific, unequivocal command to adjudicate work authorization requests prior to waitlist placement. *See Patel*, 400 F. Supp. 3d at 1380.

Because Plaintiffs cannot show that USCIS has a "clear and certain" duty to adjudicate their U visa petitions within a particular time frame or to approve their employment authorization applications before waitlist placement, they have no clear right to relief. *Morgovsky*, 517 F. Supp. 2d at 584 (citing *Fall River*, 470 F. 3d at 32). Mandamus is therefore unavailable.

## IV. To the Extent Plaintiffs Challenge USCIS's Non-Implementation of § 1184(p)(6), Those Claims Are Mooted by the BFD Process.

Finally, because USCIS has chosen to implement a pre-waitlist work authorization program pursuant to its discretionary authority under 8 U.S.C. § 1184(p)(6), any claim that USCIS has a duty to implement a pre-waitlist work authorization program is moot.[3] "In general a case becomes moot 'when the issues presented are no longer live or the parties lack a legally cognizable

---

[3] USCIS did not argue, as Plaintiffs contend, that the BFD policy mooted "Plaintiffs' unlawful withhold and unreasonable delay EAD claims." Dkt. 28 at 21. While the BFD Process moots Plaintiffs' non-implementation claim, *see* Dkt. 23 at 16, the BFD Process does not moot Plaintiffs claim that USCIS has unreasonably delayed or withheld pre-waitlist work authorization under § 1184(p)(6). For independent reasons addressed above, those claims, along with Plaintiffs' contention that USCIS has unreasonably delayed waitlist placement, fail under Rules 12(b)(1) and 12(b)(6).

interest in the outcome.'" *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (quoting *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980)) (internal quotation marks omitted).[4] Here, even if the Court determined that 8 U.S.C. § 1184(p)(6) imposes a non-discretionary duty on USCIS to implement a pre-waitlist work authorization program, USCIS has already implemented such a program. Thus, to the extent Plaintiffs seek an order declaring that § 1184(p)(6) imposes a mandatory duty on USCIS, such an order would not provide Plaintiffs with any meaningful relief now that a program has been implemented. *See Cruz v. Farquharson*, 252 F.3d 530, 533 (1st Cir. 2001).

Nor are the pertinent facts surrounding the BFD Process in dispute. *Cf.* Dkt. 28 at 21-22. USCIS has formally implemented the BFD Process via public notice in its Policy Manual, *see* USCIS Policy Manual, Volume 3, Part C, Chapter 5, and has begun adjudications thereunder. Plaintiffs' petitions for U visa status were pending on June 14, 2021; therefore, they will be considered under the BFD Process. If USCIS grants Plaintiffs' BFD EADs, the next step in the adjudicative process would be final adjudication of their U visa petitions. *Id.* If USCIS determines Plaintiffs will not receive a BFD EAD, they would still be considered for placement on the waitlist pursuant to 8 C.F.R. § 214.14(d)(2), following full adjudicative review. *Id.*

Consequently, any claim that USCIS has a duty to implement a pre-waitlist work authorization program under § 1184(p)(6) is rendered moot by USCIS's implementation of the BFD Process.

## **CONCLUSION**

For the foregoing reasons, the Court should dismiss the Complaint.

---

[4] Plaintiffs do not argue that any of the exceptions to mootness apply here.

Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney

By:    */s/ Erin E. Brizius*
Erin E. Brizius
Assistant U.S. Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3398
Dated: August 9, 2021    Erin.E.Brizius2@usdoj.gov